# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BOOKMYER<br>7588 Cook Road<br>Powell, Ohio  43065, | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | Case No. _____ |
| v. | : <br> : | |
| PNC BANK, N.A.<br>222 Delaware Avenue<br>Wilmington, Delaware  19899, | : <br> : <br> : <br> : | JUDGE: _____ |
| and | : <br> : | |
| The Huntington National Bank, N.A.<br>17 South High Street<br>Columbus, Ohio  43215, | : <br> : <br> : <br> : | **JURY DEMAND ENDORSED HEREON** |
| and | : <br> : | |
| Fifth Third Bank, N.A.<br>38 Fountain Square Plaza<br>Cincinnati, Ohio  45263, | : <br> : <br> : <br> : | |
| and | : <br> : | |
| CME Federal Credit Union<br>150 East Mound Street<br>Columbus, Ohio  43215,<br>and | : <br> : <br> : <br> : <br> : | |
| ABC Banks 1-100, | : <br> : | |
| Defendants. | : | |

**CLASS ACTION COMPLAINT**

Now comes Plaintiff, William Bookmyer, in his individual and representative capacity, and for his Complaint against Defendants (collectively, "the Defendants") hereby states the following:

**INTRODUCTION &
BACKGROUND TO THE PAYROLL PROTECTION PROGRAM**

1. On March 25, 2020, in response to the outbreak of the coronavirus ("COVID-19"), the federal government enacted emergency legislation to enable small businesses to continue employing and paying their employees by creating the Payroll Protection Program ("PPP"), which provides federally guaranteed loans to make payroll expenses for two months. The PPP is contained within sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). To fund the PPP, Congress approved an initial $349 billion for the program.

2. On April 24, 2020, the federal government added an additional $310 billion to the PPP through the Paycheck Protection Program and Health Care Enhancement Act.

3. The PPP is a temporary program under the Small Business Administration's ("SBA") 7(a) Loan Program. The PPP permits the SBA to guarantee 100 percent of 7(a) loans and provides forgiveness of up to the full principal amount of any qualifying loan. Small business owners apply for a PPP loan through existing SBA-approved Lenders ("Lenders") or through any federally insured deposit institution. The PPP also delegates authority to Lenders to provide relief expeditiously.

4. The CARES Act provides that the Administrator of the SBA "shall reimburse a lender" for processing the loans. 15 U.S.C. § 636(a)(36)(P)(i). This reimbursement shall be made not later than five days after the disbursement of the PPP loan. *Id.* at § 636(a)(36)(P)(iii).

5. Lenders are to be reimbursed the following amounts per loan: Five percent (5%) for loans of not more than $350,000; three percent (3%) for loans of more than $350,000 and less than $2 million; and one percent (1%) for loans of at least $2 million. *Id.* at § 636(a)(36)(P)(i).

6. The CARES Act also authorizes the payment of a fee to "agents" who assist eligible recipients in preparing their PPP loan application in an amount that is not in excess of the limits established by the Administrator. *Id.* at § 636(a)(36)(P)(ii).

7. On April 15, 2020, the Administrator issued the Interim Final Rule (the "Rule") regarding the PPP loans. Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811 (Apr. 15, 2020) (to be codified at 13 C.F.R. pt. 120). The Rule provides that agent fees "*will be paid by the Lender* out of the fees the Lender receives from SBA." *Id.* at 20,816 (emphasis added). The Rule also specifically provides that agents "may not collect fees from the borrower or be paid out of the PPP loan proceeds." *Id.* Thus, per the combined effect of the CARES Act and the Rule, agents who assist applicants in preparing their PPP loan can only be paid, and must be paid, a fee by the Lender out of the fees that the Lender itself receives for processing the PPP loans.

8. Under the Rule, the total amount that an agent shall receive from the Lender "for assistance in preparing an application for a PPP loan" is as follows: Up to one percent (1%) for loans of not more than $350,000; a half of a percent (.5%) for loans of more than $350,000 and less than $2 million; and a quarter of a percent (.25%) for loans of at least $2 million. *Id.*

9. Despite these clear instructions that Lenders are to pay the agent fees—and despite requests by the agents to the Lenders to be paid their fees—Defendant Lenders have unlawfully withheld those fees from the agents and have instead kept the funds intended for the agents for themselves.

10. Indeed, Defendant PNC has openly and brazenly announced that it will not pay agents the fees they are due, despite the mandate of the Rule. *See* PNC Website, https://www.pnc.com/en/customer-service/paycheck-protection-program.html ("PNC will not pay Agents for assistance they may provide an applicant in obtaining a PPP loan.").

11. In an email to Plaintiff Bookmyer, Defendant CME Credit Union said that it "is not planning on paying for any [agent] services involve in the PPP application process," and instead, directs agents to seek the fees from the borrowers—contrary to the law. A copy of this email is attached as Exhibit A.

12. Defendant Huntington Bank says it will have to look into the matter, despite the mandate from the SBA that Lenders are to pay agents from the Lender fees received from the SBA.

13. The Defendant Lenders have no legal authority under the CARES Act to deny the agents' fees due and owing to them by the CARES Act and the Rule.

14. Plaintiff William Bookmyer brings this action, on behalf of himself and all others similarly situated, against the Defendant Lenders for violations of the CARES Act, the SBA's 7(A) loan program, 15 U.S.C. § 636(a), and 13 C.F.R. part 120, and for unjust enrichment and conversion under Ohio law.

## JURISDICTION

15. This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

16. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) the claims of the proposed Class exceed

4

$5,000,000; (2) at least one member of the class of Plaintiffs is a citizen of a State different from at least one Defendant; and (3) the proposed Plaintiff Class consists of more than 100 members.

17. This Court has supplemental jurisdiction under 28 U.S. § 1367(a) over the state-law claims, as all claims relate to the same case and controversy.

18. This Court has personal jurisdiction over Defendants because Defendants do business in this District and a substantial number of the events giving rise to the claims took place in Ohio.

19. A substantial part of the events or acts giving rise to the claims herein occurred within this District; and therefore, venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

20. Plaintiff William R. Bookmyer ("Plaintiff Bookmyer") is a certified public accountant who resides as 7588 Cook Road, Powell, Ohio.

21. Defendant PNC Bank, N.A. ("PNC") is a national bank with its main office in Wilmington, Delaware. PNC conducts substantial business in the State of Ohio.

22. Defendant The Huntington National Bank ("Huntington") is a national bank with its main office in Columbus, Ohio.

23. Defendant Fifth Third Bank, N.A. ("Fifth Third") is a national bank with its main office in Cincinnati, Ohio.

24. Defendant CME Federal Credit Union ("CME Credit") is a federally chartered credit union with its main office in Columbus, Ohio.

25. Upon information and belief, Defendants ABC Banks 1-100 are banks and other financial institutions that participated as Lenders in the PPP and refused to pay agents the

5

required agent fee; the names and addresses of which are unknown at this time and could not be reasonably ascertained and/or discovered prior to the filing of this complaint.

## **FACTS**

26. Plaintiff Bookmyer owns Bookmyer & Associates CPA, Inc., an accounting firm with its principal place of business in Powell, Ohio.

27. Between March 31, 2020 and April 27, 2020, Plaintiff Bookmyer prepared and submitted PPP loan applications on behalf of small businesses.

28. Of the loans he prepared, the Lenders and SBA approved six loans, which ranged from $47,900 to $199,200. The small businesses received their loan proceeds on April 24, 2020.

29. In May 2020, Plaintiff Bookmyer submitted requests for agent fees to Defendant Huntington Bank, Defendant CME Credit, and Defendant Fifth Third, three of the Lenders of the PPP loans received by the small businesses.

30. Upon receipt of Plaintiff Bookmyer's request for agent fees, a representative from Defendant Huntington Bank said that he would have to look into the matter.

31. After receiving Plaintiff Bookmyer's request for agent fees, Chris Simmons, the Vice President of Specialized Lending for Defendant CME Credit Union, stated that he had not heard anything about agent fees and that "CME is not planning on paying for any CPA services involved in the PPP application process." He further stated that "billing would be between you and your client." *See* Exhibit A.

32. Plaintiff Bookmyer has yet to receive a response from Defendant Fifth Third.

33. Plaintiff Bookmyer has not submitted a request for agent fees to Defendant PNC because it has publicly stated that it refuses to pay agent fees, and as such, demand for payment to PNC is futile.

6

34. In order to prepare and submit the loan applications, Plaintiff Bookmyer spent numerous hours reviewing the CARES Act and PPP loan provisions and preparing and submitting applications.

35. As part of the application process, Plaintiff Bookmyer assisted each of the applicants in gathering and analyzing documents, making the necessary calculations, and preparing and submitting the applications.

36. During the time that the Plaintiff Bookmyer was preparing and submitting PPP applications, he did not and could not pursue other non-PPP business for which he could have billed those clients.

37. Under 13 C.F.R. 103.1(a), an agent "means an authorized representative including an attorney, accountant, consultant, packager, Lender service provider, or any other individual or entity representing an Applicant or Participant by conducting business with SBA." Conducting Business with the SBA includes preparing and submitting an application for financial assistance of any kind on behalf of an applicant. *Id.* at 103.1(b).

38. Under the Code, a "packager" is a person "who prepares the Applicant's application for financial assistance and is employed and compensated by the Applicant." *Id.* at 103.1(A)(2).

39. Based on these Code provisions, the U.S. Department of the Treasury provided guidance to Lenders through its "Paycheck Protection Program (PPP) Information Sheet—Lenders," ("Information Sheet"), a copy of which is attached as Exhibit B.[1] With regard to

---

[1] The Information Sheet is available at https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.

7

agents, the Treasury Department's Information Sheet stated the following: "An agent is an authorized representative and can be:

- An attorney;
- An accountant;
- A consultant;
- Someone who prepares and applicant's application for financial assistance and is employed and compensated by the applicant;
- Someone who assists a lender with originating, disbursing, servicing, liquidating, or litigating SBA loans;
- A loan broker; or
- Any other individual or entity representing an applicant by conducting business with the SBA."

40. The Treasury Department's Information Sheet also stated that "Agent fees *will be paid* out of Lender fees. The Lender *will pay* the agent." *See* Ex. B. (emphasis added).

41. Pursuant to 13 C.F.R. 103.1 and the Treasury Department's guidance, Plaintiff Bookmyer is an agent for the small businesses applicants when they prepared and submitted the small businesses' PPP loan applications.

42. Despite the requirements in the Rule and the Treasury Department's guidance that the Lender must pay the agent fees out of the fees that the Lender receives from the SBA, Defendants have failed and/or refused and continue to refuse to pay Plaintiff Bookmyer his authorized agent fees. Furthermore, based on information and belief, Defendants have refused and continue to refuse to pay any agents the authorized agent fees.

43. Nothing in the CARES Act, 13 C.F.R. part 120, or the Rule allows the Lenders to withhold agent fees from agents, and instead, simply keep the fees to enrich themselves. To the contrary, Defendants are required under the CARES Act and the Rule to pay agents as specified in the Act and Rule.

8

44. The purpose and motivation behind Defendants' practices are readily apparent. By refusing to pay agent fees to the actual agents, Defendants kept tens of millions of dollars for themselves, to which they are not entitled, and thus, deprived Plaintiffs of their property.

45. Defendants' actions violate the Rule, which provides that agent fees "*will be paid by the Lender*." Indeed, the SBA has specifically provided that an agent "may not collect fees from the borrower or be paid out of the PPP loan proceeds." Thus, if Defendant Lenders are permitted to withhold the amount due to agents, including Plaintiff Bookmyer, then the agents cannot and will not be compensated for the hours spent assisting small businesses. Such a result would be inconsistent with the very purpose of the CARES Act, which specifically provided that agents will obtain fees for assisting small businesses in applying for PPP loans.

46. Nationally, as of April 16, 2020, the SBA had approved 1,661,367 PPP loans for a total disbursement of $342,277,999,103. Of this amount, $109,248,146,436 was for loans under $350,000; $137,816,394,260 was for loans between $350,000 and $2 million; and, $95,213,458,407 was for loans above $2 million.[2]

47. The potential withheld agent fees for all loans under $350,000 is $1,092,481,464.36. The potential withheld agent fees for all loans between $350,000 and $2 million is $689,081,971.30. And the potential withheld agent fees for all loans over $2 million is $238,033,646.12.

48. Thus, upon information and belief, on a nationwide basis, Lenders, including Defendant Lenders, may have withheld upwards of over **$2 billion** from authorized agents, many

---

[2] These figures were obtained from the SBA's website. A copy of the document is attached as Exhibit C, and is available at https://www.sba.gov/sites/default/files/2020-04/PPP%20Deck%20copy.pdf.

9

of whom are *themselves* part of small businesses, and who remain uncompensated for the time they spent helping other small businesses apply for PPP loans.

49. As of April 16, 2020, the SBA has approved 59,800 PPP loans in Ohio, for a total disbursement of $14,108,889,927. *See* Ex. C.

50. Based on the authorized percentages for agent fees, the potential withheld agent fees for Ohio PPP loans is between $35 million and $141 million.

51. As a result of Defendants' conduct, Plaintiff Bookmyer has suffered financial harm, wrongfully lost the opportunity to collect compensation, and generally lost economic opportunities to conduct business.

52. Defendants and other Lenders should not be permitted to keep millions and perhaps billions of dollars for work that was performed by others who expected payment from the Lenders under the CARES Act as specified by the SBA.

## CLASS ACTION ALLEGATIONS

53. Plaintiff Bookmyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

54. Plaintiff Bookmyer, in accordance with Rule 23(b) of the Federal Rules of Civil Procedure, brings this action on behalf of himself and as a member of the Class defined below.

55. Plaintiff Bookmyer seeks to represent a Class comprised of all individuals and entities who:

    a. are an agent under 13 C.F.R. 103.1;

    b. prepared and/or submitted approved loan applications on behalf of small businesses under the PPP between March 25, 2020, and June 30, 2020;

  c. submitted a request for payment of the authorized agent fees to the Defendant Lenders or were simply not paid at all for the fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Interim Final Rule; and

  d. have been denied their agent fee from Defendants.

56. The following are excluded from the Class: (a) any Judge or Magistrate presiding over this action and members of their families; (b) the officers, directors, or employees of Defendants; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

57. The Class is so numerous that joinder of all members is impracticable.

58. There are questions of law and fact common to the Class. These common questions include, but are not limited to, whether Defendants wrongful withheld agent fees from authorized representatives in violation of federal and state law.

59. The claims of the Plaintiff Bookmyer, which arise out of Defendants' withholding of agent fees to authorized representatives of PPP loan applicants, are typical of the claims of the Class members. Likewise, Defendants' defenses to Plaintiff Bookmyer's claims would be typical of the defenses to the Class claims.

60. Plaintiff Bookmyer will fairly and adequately represent and protect the interest of the Class. Plaintiff Bookmyer is articulate and knowledgeable about his claims and fully able to describe them. There are no conflicts of interest between Plaintiff Bookmyer with respect to the interests of the Class members. Plaintiff Bookmyer, like the Class members, has suffered financial loss as a result of Defendants' acts. Plaintiff Bookmyer has sufficient financial resources to litigate this case and further the interests of the Class without compromising them.

61. Counsel for Plaintiff Bookmyer are well-suited to represent their interests and the interests of the Class at large.  Counsel include James E. Arnold, Damion M. Clifford, Gerhardt A. Gosnell II, and Tiffany L. Carwile (Arnold & Clifford, LLP).  The combined experience and areas of professional concentration of these attorneys are well-suited to representation of the interests of the Class.  All these lawyers practice complex civil litigation and are experienced in class action litigation.

62. Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure.  Prosecuting separate actions would create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

63. Class certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  Defendants will continue to commit the alleged violations, and the members of the Class will continue to be unfairly denied compensation to which they are entitled to under the PPP and the CARES Act.  Defendants have acted and refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

64. Class certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The questions of law or fact common to the members of the Class, described above, predominate over any questions affecting only individual members.

65. This Court is an appropriate forum for the litigation of the Class claims.

**Count I**
**Violations of the CARES Act**
**(Against All Defendants)**

66. Plaintiff Bookmyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

67. The CARES Act provides a stimulus package in response to the COVID-19 pandemic and includes the PPP, which provides assistance to small businesses seeking to maintain payroll and other authorized expenses.

68. There is an implied cause of action arising under the CARES Act.

69. The CARES Act, along with the SBA's Rule on the PPP, provides for the payment of agent fees to authorized representatives who assisted PPP loan applicants with their loan applications.

70. In flagrant disregard for the law, Defendants have failed and/or refused to pay the agent fees to the Borrowers' authorized representatives, and instead, kept the fees to enrich themselves.

71. Plaintiff Bookmyer and Class members are agents under the regulatory provisions for the PPP loan applicants and they are entitled to payment from the Lenders as set forth in the CARES Act and the Rule.

72. Nevertheless, Defendants refused to pay Plaintiff Bookmyer and Class members the authorized agent fees.

73. As a direct and proximate result of Defendants' failure and/or refusal to comply with the CARES Act and the Rule, Plaintiff Bookmyer and Class members have suffered damages in excess of $5 million.

## Count II
### Violations of the SBA's 7(a) Loan Program, 15 U.S.C. § 636(a)
**(Against All Defendants)**

74. Plaintiff Bookmyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

75. The PPP is part of the SBA's 7(a) loan program, which is designed to assist small businesses to obtain financing.

76. There is an implied cause of action arising under the SBA's 7(a) loan program as applied through the CARES Act.

77. The Rule on the PPP provides for the payment of agent fees to authorized representatives who assisted PPP loan applicants with their loan applications.

78. In flagrant disregard for the law, Defendants have failed and/or refused to pay agent fees to the Plaintiff Bookmyer and other Class members, and instead, have kept the fees to enrich themselves.

79. As a direct and proximate result of Defendants' wrongful actions, Plaintiff Bookmyer and Class members have suffered damages in excess of $5 million.

## Count III
### Conversion
**(Against All Defendants)**

80. Plaintiff Bookmyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

81. Plaintiff Bookmyer and the Class members have an ownership and right to possession of the agent fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Rule.

82. Defendants wrongfully have exercised dominion and control over Plaintiff Bookmyer and the Class members' property, specifically their agent fees.

83. Defendants' continued exercise of dominion and control over Plaintiff Bookmyer and the Class members' agent fees is inconsistent with his right of ownership to those same agent fees.

84. Plaintiff Bookmyer and the Class members have demanded that Defendants pay the agent fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Rule.

85. Despite requests by Plaintiff Bookmyer and the Class members, Defendants have failed and/or refused to pay the agent fees and instead, have wrongfully kept the agent fees for their own personal gain.

86. Defendants' actions were intentional, willful, reckless, and were committed with actual malice.

87. As a direct and proximate result of Defendants' conduct, Plaintiff Bookmyer and Class members have suffered damages in excess of $5 million.

### Count IV
### Unjust Enrichment
### (Against All Defendants)

88. Plaintiff Bookmyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

89. Plaintiff Bookmyer and the Class members further states that Defendants have been unjustly enriched at Plaintiff Bookmyer and the Class members' expense, as Plaintiff and the Class members worked to prepare and/or submit PPP loan applications on behalf of small businesses, all in reliance upon the requirement that Defendants would remit to Plaintiff Bookmyer and the Class members the agent fees authorized by the CARES Act and the Rule.

15

90. Defendants were aware that Plaintiff Bookmyer and the Class members were conferring a benefit upon them by preparing PPP loan application for small businesses that participated in the small business loan program under the CARES Act.

91. Defendants' continued retention of the agent fees due and owing to Plaintiff Bookmyer and the Class members would be unjust without requiring Defendants to pay Plaintiff Bookmyer and the Class members the amounts due to them under the CARES Act, 13 C.F.R. part 120, and/or the Rule.

92. As a direct and proximate result of Defendants' actions, Plaintiff Bookmyer and Class members have suffered damages in excess of $5 million.

### **Prayer for Relief**

**Wherefore,** Plaintiff Bookmyer and the Class pray as follows:

A. Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, designate Plaintiff Bookmyer as the Class representative, and counsel for Plaintiff Bookmyer as Class Counsel;

B. Direct Defendants to make available to Plaintiff Bookmyer and the Class all of the rights and benefits under the CARES Act and its regulations;

C. Award damages, including compensatory, exemplary, punitive, and statutory damages, to Plaintiff Bookmyer and the Class in an amount to be determined at trial, for the acts complained of herein;

D. Award Plaintiff Bookmyer and the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

E. Award Plaintiff Bookmyer and the Class pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

F. Grant all other and further relief to which Plaintiff Bookmyer and the Class are entitled by law or in equity as may be determined by the Court to be just, equitable, and proper.

Respectfully submitted,

*/s/ James E. Arnold*
James E. Arnold       (0037712)
Damion M. Clifford    (0077777)
Gerhardt A. Gosnell II (0064919)
Tiffany L. Carwile    (0082522)

ARNOLD & CLIFFORD LLP
115 W. Main St., 4th Floor
Columbus, Ohio  43215
Ph:    (614) 460-1600
Email: jarnold@arnlaw.com
       dclifford@arnlaw.com
       ggosnell@arnlaw.com
       tcarwile@arnlaw.com

*Counsel for Plaintiff*

# JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

*/s/ James E. Arnold*
James E Arnold